# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **DENNIS ANDRE WATERS**, | Case No. 2:17-cv-01136-SI |
| Plaintiff, | **ORDER** |
| v. | |
| **JEFF PREMO,** *et al.*, | |
| Defendants. | |

**Michael H. Simon, District Judge.**

Plaintiff Waters brought this suit under 42 U.S.C. § 1983 against Defendants, who are four ODOC employees. Waters alleges that his civil rights were violated because the food he was served and consumed was marked "not fit for human consumption," and that Defendants knew of and acquiesced to this fact. Defendants have moved the Court for Summary Judgment, ECF 21, and Plaintiff has not responded.

A party is entitled to summary judgment if the "movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."

Fed. R. Civ. P. 56(a). The moving party has the burden of establishing the absence of a genuine dispute of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The court must view the evidence in the light most favorable to the non-movant and draw all reasonable inferences in the non-movant's favor. *Clicks Billiards Inc. v. Sixshooters Inc.*, 251 F.3d 1252, 1257 (9th Cir. 2001). Although "[c]redibility determinations, the weighing of the evidence, and the drawing of legitimate inferences from the facts are jury functions, not those of a judge . . . ruling on a motion for summary judgment," the "mere existence of a scintilla of evidence in support of the plaintiff's position [is] insufficient . . . ." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252, 255 (1986). "Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no genuine issue for trial." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986) (citation and quotation marks omitted).

The PLRA, 42 U.S.C. § 1997e(a), requires that prisoners exhaust "such administrative remedies as are available" before bringing an action challenging prison conditions. *See Ross v. Blake*, 136 S. Ct. 1850, 1856 (2016). The PLRA's exhaustion requirement applies to plaintiffs who were prisoners at the time their operative complaint was filed. *Jackson v. Fong*, 870 F.3d 928, 935 (9th Cir. 2017). The PLRA's "exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes . . ." *Porter v. Nussle*, 534 U.S. 516, 532 (2002).

Failure to exhaust administrative remedies is an affirmative defense that the defendant must plead and prove. *Albino v. Baca*, 747 F.3d 1162, 1169 (9th Cir. 2014) (en banc). "Once the defendant has carried that burden, the prisoner has the burden . . . to come forward with evidence showing that there is something in his particular case that made the existing and generally available administrative remedies effectively unavailable to him." *Id.* at 1172.

Defendants argue that Plaintiff failed to exhaust his administrative remedies for the claims he raises in his complaint. Plaintiff filed the complaint in this action on July 10, 2017. ECF 1. Defendants acknowledge that Plaintiff filed multiple grievances both before and after the filing of his complaint, but assert in a sworn declaration that none of those grievances pertain to the allegations raised in his complaint. ECF 22.

Because Plaintiff has not responded, he has not "come forward with evidence showing that there is something in his particular case that made the existing and generally available administrative remedies effectively unavailable to him," or that he otherwise did exhaust his administrative remedies. *Albino*, 747 F.3d at 1169. Defendants are therefore entitled to summary judgment.

## CONCLUSION

Defendants' motion for summary judgment (ECF 21) is GRANTED. Defendants' motion to compel (ECF 19) is DENIED as moot.

**IT IS SO ORDERED.**

DATED this 23rd day of May, 2019.

/s/ *Michael H. Simon*
Michael H. Simon
United States District Judge